UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

RUTHETTA L ALFORD,

                             Plaintiff,

                                                                   Civil Action No.:
v.                                                               1:21-CV-00737-JLS

NIAGARA FRONTIER TRANSIT METRO SYSTEM, INC.
and
ROBERT W. GUISE

                             Defendants.
_____

# DEFENDANTS' MEMORANDUM OF LAW
# IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

# Table of Contents

Cases and Statutes ……………………………………………………………..2

Preliminary Statement ………………………………………………………….3

STATEMENT OF RELEVANT FACTS…………………………………………...4

THE RULE 12 (b) (6) AND SUMMARY JUDGMENT STANDARD …………....7

I. NO ACTION UNDER TITLE VII LIES AGAINST DEFENDANT GUISE………….9

II. THE TITLE VII CLAIM AGAINST DEFENDANT NFT METRO ………………..9

   A. Plaintiff's Harassment/Hostile Environment Claim is Legally Insufficient ………9

   B. Defendant Guise's Comments are Not properly attributed to Defendant NFT …..12

   C. Plaintiff's Retaliation Claims………………………………………………...13

STATE LAW CLAIMS………………………………………………………….15

CONCLUSION…………………………………………………………………..16

Cases

Beth Israel Med. Ctr. V. Horizon Blue Cross and Blue Shield of N.J., Inc., 448 F.3d 573, 579 (2d. Cir. 2006). ........................................................................................................................ 7
Browne v. City Univ. of N.Y., 419 F. Supp. 2d 315, 330-31 ....................................................... 12
Carter v. New Venture Gear, Inc., 2007 U.S. Dist. LEXIS 71695 (N.D.N.Y.). .................... 7, 9, 11
Draper v. NYS Office of Parks & Historic Preservation, 2013 U.S. Dist. LEXIS 123822 (W.D.N.Y.). ............................................................................................................................ 7, 10
Haggood v. Rubin & Rothman, LLC, 2014 U.S. Dist. LEXIS 161674 (E.D.N.Y.). .................. 7, 9
Mathirampuza v. Potter, 548 F. 3d 70, 79 (2d Cir. 2008)............................................................... 9
Reyes v. Westchester City Health Care Corp., 2021 U. S. Dist. LEXIS 18659 (S.D.N.Y.) ...... 6, 9
Rios v. Buffalo & Fort Erie Pub. Bridge Auth., 2008 U. S. Dist. LEXIS 17911 (W.D.N.Y.). ...... 9
Smith v. Niagara Frontier Transp. Auth., 2007 U. S. Dist. LEXIS 28029 (W.D.N.Y.) .......... 7, 8, 9
State Division of Human Rights v. St. Elizabeth's Hosp., 66 N.Y.2d 684 (1985)........................ 14
Totem Taxi v. State Human Rights Appeal Bd., 65 N.Y.2d 300 (1985)...................................... 14
Williams v. N.Y City Dept. of Educ., 2018 U. S. Dist. LEXIS 169600 (E.D.N.Y.) ................. 8, 12
Zheng-Smith v. Nassau Health Care Corp., 486 F. Supp. 3d 611, 623-24 (E.D.N.Y. 2020) ......... 9

**Statutes**

FRCP Rule 12 (b) (6)...........................................................................................................5
FRCP Rule 56........................................................................................................................6
New York Executive Law §297(9) ....................................................................................13
New York Executive Law §296(1)(h)................................................................................13

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

RUTHETTA L ALFORD,

                              Plaintiff,

                                                                                Civil Action No.:
v.                                                                  1:21-CV-00737-JLS

NIAGARA FRONTIER TRANSIT METRO SYSTEM, INC.
and
ROBERT W. GUISE

                              Defendants.

---

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### Preliminary Statement

    Plaintiff's pro se action brings a claim under Title VII of the 1964 Civil Rights Act, as amended, against her immediate supervisor Defendant Robert W. Guise ["Defendant Guise"] and her employer Defendant Niagara Frontier Transit Metro System, Inc. ["Defendant NFT Metro"]. See Pro se Complaint at p. 1. The EEOC charge underlying this Title VII action does not allege an unlawful discharge or any other adverse employment action, but rather that during a conversation with Plaintiff's immediate supervisor, Defendant Guise, over whether cloth or rag should be left on a table at the Allen Street Light Rail station as an apparent place setting George Floyd was mentioned along with that the media was unfairly making him out to be a saint and that he had allegedly pointed a gun at a pregnant woman. See Affidavit of Wayne R. Gradl, Esq.,

3

sworn to on October 28, 2021 ["Gradl Affidavit"] at Exhibit "B". As such, this matter involves a one instance racially hostile work environment claim together with Defendant NFT Metro's alleged "failure to respond appropriately" to Plaintiff's complaint about the George Floyd references. See id.

The basic facts of this matter will not change with time or further proceedings. Accordingly, the present motion to dismiss or for summary judgment appeared the most efficient way to answer Plaintiff's pro se complaint. As will be discussed in this Memorandum of Law, individual Defendant Guise is not subject to suit under Title VII and therefore should become dismissed from this action. With respect to Defendant NFT Metro, Plaintiff's one-instance racially hostile work environment claim is properly held to be insufficient to be actionable under Title VII as a matter of law. Alternatively, Defendant Guise's conduct is not properly attributed to Defendant NFT Metro as the Company maintains a policy against discrimination and harassment, has a procedure for employees like Plaintiff to make claims of discrimination and harassment and obtain relief from improper discrimination or harassment, and the actions taken in response to Plaintiff's harassment complaint against Defendant Guise were appropriate.

## STATEMENT OF RELEVANT FACTS

Plaintiff is an African American and began her employment with Defendant NFT Metro as an Office Clerk A in September 2001. See Gradl Affidavit at ¶6 and Exb. "C". The final position that Plaintiff held with Defendant NFT Metro before her retirement effective August 1, 2021, was Senior Clerk A and throughout her tenure with Defendant NFT Metro Plaintiff was employed in positions that were part of the bargaining unit of employees represented by Amalgamated Transit Union Local Union 1342. See id. at ¶7 and Exhibit "D".

4

On June 11, 2020, Plaintiff had a verbal altercation with her immediate supervisor Defendant Robert W. Guise about Plaintiff putting a cloth or rag on a table at the Allen Street Light Rail Station as a sort of table setting and during this verbal altercation Defendant Guise mentioned the name George Floyd and disparaging remarks about him. See Gradl Affidavit at ¶8 and Exhibit "B" hereto. Plaintiff complained about this conversation with Defendant Guise on June 12, 2020, to Facility Manager Darren Haag who in turn advised her to make a formal complaint about the incident. See Gradl Affidavit at Exhibit "B".

Plaintiff's complaint to Facility Manger Haag also led to an investigation of her complaint in which both Plaintiff and Defendant Guise provided their respective versions of the June 11, 2020 conversation. See Gradl Affidavit at Exhibits "B" and "F". Plaintiff thereafter filed a formal harassment complaint against Defendant Guise with Defendant NFT Metro's EEO/Diversity Development on or about August 3, 2020. See Gradl Affidavit at ¶9 and Exhibit "E".

Defendant Guise did admit to mentioning George Floyd in the context of directing Plaintiff that she was to not leave cloth or rag table settings at the Allen Street Light Rail Station so as not to encourage loitering at the station and minimize the possibility of confrontations that could lead to incidents like the fatal one involving George Floyd. See Gradl Affidavit at Exhibit "F". For purposes of the present motion, taken as true are Plaintiff's allegations that during their June 11, 2020 conversations Defendant Guise also mentioned that George Floyd was unfairly being made a saint because of his death and that he had once pulled a gun on a pregnant woman. See Gradl Affidavit at Exhibits "B" and "E".

The EEO/Diversity Development Department completed its investigation of Plaintiff's harassment complaint against Defendant Guise on or about August 17, 2020, and on that day

5

Department Manager DeJuan Hardy sent Plaintiff a letter explaining, among other things, that Defendant Guise was "re-instructed regarding acceptable behavior in the workplace" and that the status of her complaint was now closed. See Gradl Affidavit at ¶11 and Exhibit "G". Defendant Guise received a letter from EEO/Diversity Development Department Manager Hardy which directed him to contact his office to schedule Sensitivity Training. See Gradl Affidavit at Exhibit "H". Defendant Guise had originally begun his employment with Defendant NFT Metro in February of 1983 and had served as Defendant NFT Metro's Rail Maintenance Manager since November of 2014. See Gradl Affidavit at Exhibits "I" and "J". There was no record of Defendant Guise ever being subject to a prior harassment complaint from another employee for racial or any other reason. See id. at ¶13.

Inasmuch as Plaintiff was interested in seeing Defendant Guise discharged as a result of her complaint about his June 11 remarks about George Floyd (see Gradl Affidavit at Exhibit "B"), the matter did not end with the decisions issued by the EEO/Diversity Development Department. Instead, on September 13, 2020, Plaintiff opted to file an employee injury report and seek Workers' Compensation benefits as a result of her June 11 conversation with Defendant Guise. See Gradl Affidavit at Exhibit "K". Thereafter, Plaintiff opted to begin a medical leave of absence on or about September 27, 2020. See Gradl Affidavit at Exhibit "B".

On or about February 8, 2021, the New York State Workers' Compensation Board issued an administrative decision closing Plaintiff's claim for failure to submit required medical documentation pertaining to her claimed injury. See Gradl Affidavit at Exhibit "L". In lieu of pursuing her Workers' Compensation benefits claim, Plaintiff instead filed the charge with the EEOC that underlies the present action on or about February 24, 2021. See Gradl Affidavit at Exhibits "B". On or about March 3, 2021, the EEOC opted to discontinue processing of

Plaintiff's discrimination complaint and issue a Dismissal and Notice of Rights because "[b]ased on the information provided, the Commission is unable to conclude that that the evidence obtained established a violation of Title VII." See Gradl Affidavit at Exhibit "M".

On July 1, 2021, Karen Novo, the Director of Human Resources for Defendant NFT Metro, sent Plaintiff a letter advising her that in view of the Workers' Compensation Board's decision closing her claim she would no longer be considered on a Workers' Compensation leave, but instead have the disability leave rights set forth in Section 8-3.2 of the collective bargaining agreement governing her employment and in this regard provided Plaintiff with a disability benefits claim form which Plaint was requested to complete and return. See Gradl Affidavit at ¶18 and Exhibit "N". Plaintiff responded with a letter, dated July 8, 2021, which advised that she was taking steps to reopen her claim for Workers' Compensation benefits. See Gradl Affidavit at ¶19 and Exhibit "O".

Then, on July 14, 2021, and again on July 19, 2021, Defendant NFT Metro received e-mails from Amalgamated Transit Union Local Union 1342 which advised that Plaintiff had opted for retirement effective August 1, 2021. See Gradl Affidavit at ¶20 and Exhibit "P". Accordingly, on July 19, 2021, Defendant NFT Metro sent Plaintiff correspondence outlining her retirement benefits and designated Plaintiff as having retired effective August 1, 2021. See Gradl Affidavit at ¶20 and Exhibits "D" and "Q". From June 11, 2020, through her retirement effective August 1, 2021, no formal adverse personnel action was taken against Plaintiff by Defendant NFT Metro or Defendant Guise. See Gradl Affidavit at ¶21.

## THE RULE 12 (b) (6) AND SUMMARY JUDGMENT STANDARDS

Rule 12 (b) (6) empowers a Federal court to dismiss a complaint for failure to state a claim upon which relief can be granted. See Reyes v. Westchester City Health Care Corp., 2021

7

U. S. Dist. LEXIS 18659 (S.D.N.Y.). Although on a Rule 12 (b) (6) motion all allegations of fact in the complaint must be taken as true and detailed factual allegations are unnecessary, the complaint nonetheless must provide more than labels, threadbare recitals of the elements of a cause of action and/or conclusory statements. See supra Reyes, 2021 U. S. Dist. LEXIS 18659 at p. 9 of 15. See also Haggood v. Rubin & Rothman, LLC, 2014 U.S. Dist. LEXIS 161674 (E.D.N.Y.). Additionally, the Court may consider documents attached to the complaint along with matters of which judicial notice may be take such as EEOC filings. See supra Reyes, 2021 U. S. Dist. LEXIS 18659 at p. 9 of 15.

Under Rule 56 summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law. See Beth Israel Med. Ctr. V. Horizon Blue Cross and Blue Shield of N.J., Inc., 448 F.3d 573, 579 (2d. Cir. 2006).

Title VII claims, including those alleging harassment and/or hostile work environments, are not immune from dismissal under Rule 12 (b) (6) and/or 56. See supra Reyes and Haggood. See also Draper v. NYS Office of Parks & Historic Preservation, 2013 U.S. Dist. LEXIS 123822 (W.D.N.Y.); Smith v. Niagara Frontier Transp. Auth., 2007 U. S. Dist. LEXIS 28029 (W.D.N.Y.); Carter v. New Venture Gear, Inc., 2007 U.S. Dist. LEXIS 71695 (N.D.N.Y.). This holds true even when the complaint at issue is a pro se complaint. See Saunders v. Lupia, 2009 U. S. Dist. LEXIS 72561 (E.D.N.Y.).

The present motion under Rule 12 (b) (6) and Rule 56 accepts as true and is premised on the facts asserted by Plaintiff in her pro se complaint as well as those in her pre-suit EEOC charge.

I. <u>**NO ACTION ACTION UNDER TITLE VII LIES AGAINST DEFENDANT GUISE IN HIS INDIVIDUAL CPACITY**</u>

The pro se complaint of Plaintiff names her former immediate supervisor, Rail Maintenance Manager Robert W. Guise ["Defendant Guise"], as a party-defendant and he was served with a copy of said complaint.

Well-established, however, is that individual defendants may not be subject to liability under Title VII. <u>See</u> <u>Williams v. N.Y. City Dep't of Educ.</u>, 2018 U. S. Dist. LEXIS 169600 (S.D.N.Y.); <u>Saunders v. Lupia</u>, 2009 U. S. Dist. LEXIS 72561 (E.D.N.Y.); <u>Smith v. Niagara Frontier Transp. Auth.</u>, 2007 U. S. Dist. LEXIS 28029 (W.D.N.Y.). Accordingly, the Title VII claim against individual Defendant Guise is properly dismissed under FRCP 12 (b) (6).

II. <u>**THE TITLE VII CLAIM AGAINST DEFENDANT NFT METRO**</u>

A.  <u>**Plaintiff's Harassment/Hostile Environment Claim is Legally Insufficient**</u>

Plaintiff's harassment and hostile environment claims, as first stated in her EEOC charge (<u>see</u> Gradl Affidavit, Exhibit "B"), are based on a conversation with her immediate supervisor Defendant Guise wherein he mentioned George Floyd. Plaintiff further alleges that during this conversation Defendant Guise also mentioned that George Floyd was being unfairly "made a saint" by the media and had "pulled a gun on a pregnant woman." <u>See</u> Gradl Affidavit at Exhibit "B". The context in which Defendant Guise made the remarks about George Floyd was during his admonishment of Plaintiff that she should not leave a rag or cloth on a table at one of Defendant NFT Metro's Light rail stations so as to encourage loitering. <u>See</u> <u>id</u>. <u>See also</u> Gradl Affidavit at Exhibit "F". This one instance of claimed harassment which did not even attack the

9

Plaintiff personally or demean her is properly held insufficient to be actionable under Title VII as a matter of law.

An actionable claim of hostile work environment requires showing that: (1) the alleged harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment; and (2) that there is a specific basis for imputing the conduct creating the hostile work environment to the employer. See Reyes v. Westchester City Health Care Corp., 2021 U. S. Dist. LEXIS 18659 (S.D.N.Y.); Haggood v. Rubin & Rothman, LLC, 2014 U.S. Dist. LEXIS 161674 (E.D.N.Y.).  In deciding whether a work environment is abusive, generally a single instance of harassment will not suffice, unless it was extraordinarily severe. See Rios v. Buffalo & Fort Erie Pub. Bridge Auth., 2008 U. S. Dist. LEXIS 17911 (W.D.N.Y.). To be extraordinarily severe, the incident must constitute an intolerable alteration of plaintiff's working conditions so as to substantially interfere with or impair the ability to do the job. See Mathirampuza v. Potter, 548 F. 3d 70, 79 (2d Cir. 2008). In this regard, Title VII was not intended to operate as a general civility code for employers and simple teasing, offhand comments and isolated incidents (unless extremely serious) will not suffice to create an actionable hostile work environment. See supra Rios, 2008 U. S. Dist. LEXIS 17911 at p. 5 of 7. Accordingly, complaints about a few isolated slurs or offensive comments have been dismissed pursuant to Rule 12 (b) (6) or Rule 56. See Reyes v. Westchester City Health Care Corp., 2021 U. S. Dist. LEXIS 18659 (S.D.N.Y.); Zheng-Smith v. Nassau Health Care Corp., 486 F. Supp. 3d 611, 623-24 (E.D.N.Y. 2020) Haggood v. Rubin & Rothman, LLC, 2014 U.S. Dist. LEXIS 161674 (E.D.N.Y.); Smith v. Niagara Frontier Transp. Auth., 2007 U. S. Dist. LEXIS 28029 (W.D.N.Y.); and Carter v. New Venture Gear, Inc., 2007 U.S. Dist. LEXIS 71695 (N.D.N.Y.). Further, that a plaintiff may opt to leave her employment after one or a few

offensive remarks does not operate to make remarks or comments that are otherwise insufficient to create a hostile work environment actionable. See <u>Draper v. NYS Office of Parks & Historic Preservation</u>, 2013 U.S. Dist. LEXIS 123822 (W.D.N.Y.).

Against the above well-established legal landscape Defendant Guise's mention of George Floyd and comments that he was being unfairly made a saint by the media and had pointed a gun at a pregnant woman must be viewed as insufficient to create a racially hostile work environment as a matter of law. Indeed, in contrast to the authority cited in support of this motion Plaintiff herself was not insulted or demeaned by Defendant Guise. See Gradl Affidavit at Exhibits "A" and "B". Nor is there any claim that Defendant Guise took any kind of adverse personnel action against Plaintiff who in any case was protected by a union contract. See <u>id</u>. at ¶7 and Exhibits "A" and "B". That several months after Defendant Guise's comments on George Floyd Plaintiff opted to start a Workers' compensation claim allegedly because of these comments (which was never properly supported – <u>see</u> Gradl Affidavit at Exb. "L") and then begin a leave of absence because of claimed "mental health issues" (which the EEOC charge stated was not caused, but "exacerbated" by Defendant NFT Metro's failure to "respond appropriately" to her complaint – <u>see</u> Gradl Affidavit at Exb. "B", p. 2) does not operate to make this single incident with Defendant Guise actionable under Title VII. See <u>supra Draper</u>.

Consistently, the EEOC declined to find probable cause and take action on Plaintiff's one incident harassment/hostile environment claim. See Gradl Affidavit at Exhibit "M". Plaintiff's Title VII claim against Defendant NFT Metro is also properly dismissed from this Court under Rule 12 (b) (6) or Rule 56 for failing to present an actionable harassment or hostile environment claim.

11

EEOC charge or pro se complaint. See Gradl Affidavit at Exhibits "A", "B" and "E". As explained above, the response of Defendant NFT Metro to Plaintiff's complaint about Defendant Guise's comments about George Floyd must be viewed as appropriate in view of all attending circumstances. Accordingly, there exists no triable question of fact on whether Defendant Guise's comments on George Floyd should be attributed to Defendant NFT Metro which in turn provides a second basis for entering summary judgment dismissing the complaint against Defendant NFT Metro. See supra Carter, 2007 U.S. Dist. LEXIS 71695 (N.D.N.Y.) at pp. 6 – 7 of 9. See supra also Smith, 2007 U. S. Dist. LEXIS 28029 (W.D.N.Y.) at pp. 9 – 10 of 11.

### C. Plaintiff's Retaliation Claims

Both the EEOC charge and the pro se complaint allege that the Plaintiff has been subjected to retaliation. Plaintiff's bald claims of retaliation are likewise properly dismissed.

The well-established elements of a retaliation claim are: (1) engaging or participating in an activity protected by Title VII; (2) employer knowledge of the activity at issue; (3) adverse action by the employer against the employee; and (4) a causal connection between the protected activity and the adverse action. See Williams v. N.Y City Dept. of Educ., 2018 U. S. Dist. LEXIS 169600 (E.D.N.Y.) (at p. 8 of 9); Browne v. City Univ. of N.Y., 419 F. Supp. 2d 315, 330-31 (E.D.N.Y. 2005). In Smith supra, this Court provided a definition of what might be regarded to be a tangible adverse action, specifically something that constitutes:

> a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.

See Smith, 2007 U. S. Dist. LEXIS 28029 (W.D.N.Y.) at pp. 9 of 11. The EEOC charge which serves as the basis for the present action alleged no tangible adverse employment action imposed

Case 1:21-cv-00737-JLS-LGF   Document 5-22   Filed 10/28/21   Page 14 of 16

on Plaintiff by either Defendant Guise or Defendant NFT Metro. See Gradl Affidavit at Exhibit "B".

Instead, the Plaintiff's EEOC charge stated that "[o]n September 27, 2020, [she] began medical leave for mental health issues." See Gradl Affidavit at Exhibit "B", p. 2. This alleged mental health leave was taken in association with starting a Workers' Compensation benefits claim based on Defendant Guise's June 11 George Floyd comments by filing an employee injury report with Defendant NFT Metro which was accepted. See id. at Exhibit "K". After the Workers' Compensation Board issued a decision on February 8, 2021 closing Plaintiff's benefits claim for her failure to provide required medical documentation (see id. at Exhibit "L"), Defendant NFT Metro did not take any adverse action against Plaintiff, but rather advised her what DBL leave rights she had as an alternative to a Workers' comp leave. See id. at ¶18 and Exhibit "N". Instead of submitting documentation in support of a DBL leave Plaintiff advised Defendant NFT Metro that she intended to reopen her Workers' Compensation benefits claim and then decided to retire. See id. at ¶¶19 and 20 and Exhibits "O" and "P". As such, there is no claim in the EEOC charge or evidence for that matter that Plaintiff suffered any adverse employment action after June 11, 2020, and her complaint against Defendant Guise and, accordingly, Plaintiff's bald claim of retaliation is properly dismissed under Rule 12 (b) (6) or Rule 56. This conclusion is not affected by a claim that Plaintiff could not seek to return to work due to her alleged emotional distress from Defendant Guise's June 11 comments about George Floyd. Compare supra Draper (That plaintiff opted to retire due to alleged "intolerable" work environment did not operate to make legally deficient hostile environment claims actionable.).

14

## **STATE LAW CLAIMS**

The pro se complaint alleges that Plaintiff filed a complaint with the New York State Division of Human Rights. See Gradl Affidavit at Exhibit "A", p. 3. That precludes Plaintiff from maintaining a court action under the New York Human Rights Law in the absence of Plaintiff securing an administrative convenience dismissal from the New York Division of Human Rights. See New York Executive Law §297 (9).

Alternatively, to the extent that the Human Rights Law defines "harassment" as "subject[ing] an individual to inferior terms, conditions or privileges of employment because of the individual's membership in one or more of these protected categories," any State Law claims which are part of the pro see complaint could be dismissed on the merits for the same reasons the Title VII claims are properly dismissed. See New York Executive Law §296 (1) (h). Under New York law an employer is not properly held liable to an employee for merely employing the harasser in the absence of evidence that the employer encouraged, condoned or approved of the claimed harassment. See State Division of Human Rights v. St. Elizabeth's Hosp., 66 N.Y.2d 684 (1985) and Totem Taxi v. State Human Rights Appeal Bd., 65 N.Y.2d 300 (1985). As discussed above in connection with Plaintiff's Title VII claims, there is no evidence that Defendant NFT Metro encouraged, condoned or approved of Defendant Guise's June 11 comments about George Floyd.

The Court may also decline to exercise jurisdiction over any State Law claims associated with the pro se complaint in view of the dismissal of Plaintiff's Title VII claims.

## **CONCLUSION**

Defendant Guise is not subject to personal liability under Title VII and is properly dismissed as a Party-Defendant from this action as a matter of law. Plaintiff's Title VII claims are likewise properly dismissed as against Defendant NFT Metro because they do not allege legally sufficient claims of hostile work environment or retaliation and to the extent that Defendant Guise's remarks about George Floyd on June 11 would meet the threshold of arguably creating an actionable hostile work environment, those remarks are not properly attributed to Defendant NFT Metro as a matter of law. Upon dismissal of Plaintiff's Title VII claims any State law claims associated with the pro se complaint can be dismissed on the merits or for the Court declining to exercise jurisdiction over them in the absence of viable Federal law claims.

Dated: Buffalo, New York
       October 28, 2021

By: _____
Wayne R. Gradl, Esq.
181 Ellicott Street
Buffalo, New York 14203
Phone: (716) 855-6590
E-mail: Wayne.Gradl@NFTA.com