UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RUTHETTA L. ALFORD,

        Plaintiff,

v.                                                                                          21-CV-737 (JLS) (LGF)

NFTA-METRO, and
ROBERT W. GUISE,

        Defendants.
_____

### DECISION AND ORDER

Plaintiff Ruthetta L. Alford commenced this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and the New York State Human Rights Law, N.Y. Exec. L. §§ 290 *et seq.* ("NYHRL") against Defendants Niagara Frontier Transportation Authority ("NFTA") and Robert W. Guise relating to Plaintiff's employment at NFTA. *See* Dkt. 1. The case has been referred to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 7.

On October 28, 2021, Defendants moved to dismiss or, in the alternative, for summary judgment. Dkt. 5. Pursuant to the Second Circuit's mandate issued on June 7, 2024, *see* Dkt. 30, this Court now "consider[s] Defendants' motion to dismiss pursuant to Rule 12." *See id.* at 6.[1] On July 22, 2024, Defendants supplemented

---

[1] Page numbers refer to the CM/ECF numbering in the header of each page.

their motion to dismiss. Dkt. 33. Plaintiff then filed an affidavit in opposition to Defendants' motion to dismiss—which included a request for leave to file an amended complaint. Dkt. 36.[2] Defendants replied. Dkt. 37.[3]

On April 11, 2025, Judge Foschio issued a combined Report and Recommendation and Decision and Order ("R&R"). Dkt. 38. He recommends that "Defendants' first motion (Dkt. 5), as supplemented by Defendants' motion (Dkt. 33), should be GRANTED and the Complaint DISMISSED with prejudice and without leave to amend." *Id.* at 32. He further recommends that "Plaintiff's request for leave to file an amended complaint should also be DENIED." *Id.*[4] No party filed objections, and the time to do so has expired.[5]

For a dispositive matter, the district court reviews *de novo* the parts of the R&R to which the parties object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). For a non-dispositive matter, the district court reviews the R&R for clear error. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). *See also Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007). But neither 28 U.S.C. § 636 nor Federal Rule of Civil

---

[2] It also included a request for pre-answer discovery. *Id.* at 15.

[3] Defendants' submission also opposed Plaintiff's requests for leave to amend and pre-answer discovery. *See id.*

[4] Judge Foschio also ordered that "Plaintiff's request for pre-answer discovery is DENIED." *Id.*

[5] The R&R stated that any objections "must be filed with the Clerk of the Court within fourteen (14) days of service" of the R&R. *Id.* at 33. It further stated that "[f]ailure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order." *Id.* (citing cases).

2

Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).[6]

This Court has carefully reviewed the R&R and the relevant record. Based on that review, and in the absence of any objections, the Court accepts and adopts Judge Foschio's recommendations.

---

[6] To this Court's knowledge, the Second Circuit has not explicitly decided whether a motion to amend is dispositive or non-dispositive. *See Covet & Mane, LLC v. Invisible Bead Extensions, LLC*, No. 21-CV-7740 (JPC) (RWL), 2023 WL 2919554, at *1 n.1 (S.D.N.Y. Mar. 23, 2023) ("There is some debate in this Circuit whether a motion to amend is considered dispositive or non-dispositive for purposes of whether a Magistrate Judge's ruling should issue as a Report and Recommendation, subject to *de novo* review, or as a Decision and Order, subject to review for clear error") (citing cases). Some courts within the Second Circuit have treated denial of a motion to amend as dispositive matter requiring a recommendation from a magistrate judge, and grant of a motion to amend as a non-dispositive matter that a magistrate judge may order. *See Zink v. First Niagara Bank*, No. 13-CV-1-76-A, 2015 WL 423221, at *1 n.2 (W.D.N.Y. Feb. 2, 2015) ("District courts in this circuit have suggested that a magistrate judge's denial of a motion to amend . . . should be treated as dispositive, while a grant of the same motion should be treated as non-dispositive") (internal citation and quotation marks omitted). *See also Briggs v. Cnty. of Monroe*, 215 F. Supp. 3d 213, 215 (W.D.N.Y. 2016) (applying *de novo* review to resolve objections to recommendation denying leave to amend). Here, Judge Foschio described Plaintiff's request for leave to file an amended complaint as dispositive. Dkt. 38 at 1 n.1. But because no party objected—and, therefore, the applicable standard of review is not an issue—the Court need not resolve the question here.

For the reasons above and in the R&R, Defendants' motion to dismiss (Dkt. 5; Dkt. 33) is GRANTED and the Complaint is DISMISSED. In addition, Plaintiff's request for leave to file an amended complaint is DENIED. The Clerk of Court shall close the case.

SO ORDERED.

Dated:   June 27, 2025
         Buffalo, New York

                                             _____
                                             JOHN L. SINATRA, JR.
                                             UNITED STATES DISTRICT JUDGE